IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS TOLNIAH SAYE, | : | CIVIL ACTION NO. **3:CV-12-1709** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| ERIC HOLBER, *et al.*, | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Petitioner, Thomas Tolniah Saye, formerly an inmate at the York County Prison ("YCP"), York, Pennsylvania, and now released from ICE's custody and removed from the United States, filed *pro se*, this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus on August 27, 2012. (Doc. 1). Petitioner also filed a second Petition for Writ of Habeas Corpus with this Court on November 5, 2012, Civil No. 12-2199, M.D. Pa.

In the present case, Petitioner paid the filing fee. Petitioner was confined at YCP located in the Middle District of Pennsylvania and, thus, this District Court had jurisdiction over his habeas petitions. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement). Petitioner named the correct Respondent in this case, Mary Sabol, Warden as YCP, and he named four incorrect Respondents, namely, ICE/Dept. of Homeland Security ("DHS") officials.[1]

---

[1] *See* 28 U.S.C. §§ 2242 and 2243.

On August 29, 2012, we issued a Show Cause Order and ordered Respondents to respond to the habeas petition. (Doc. 2).

On September 18, 2012, Respondents filed their Response to the habeas petition with Attachments. (Doc. 3). On September 27, 2012, we denied Petitioner 's Motion to Appoint Counsel. (Docs. 4 & 5). After being grated an extension of time, Petitioner filed a Traverse and Exhibits. (Docs. 8 & 9).

On October 31, 2012, Respondent Sabol filed a Notice to the Court with an Attachment indicating that DHS had recently secured a travel document for Petitioner and that DHS would immediately effectuate removal operations for Petitioner. Respondent Sabol also stated that a suggestion of mootness would be filed with the Court when Petitioner was removed from the United States. (Doc. 10).

On November 9, 2012, Petitioner filed an Emergency Stay of Deportation. (Doc. 12). The Court denied Petitioner 's Emergency Stay of Deportation on November 14, 2012. (Doc. 13).

On November 16, 2012, Respondents filed a Suggestion of Mootness with an Exhibit and requested that Petitioner 's habeas petition be denied as Moot. (Doc. 14 and Ex. A). Respondents state, and their Exhibit shows, that on November 14, 2012, Petitioner was released from ICE custody and confinement at YCP, and he was removed from the United States to Liberia. (Doc.14, Ex. A). The record is now clear that Petitioner is no longer in ICE's custody and thus, we issue this Report and Recommendation ("R&R") recommending that Petitioner's habeas petition be dismissed as moot.

**II. Claims of Habeas Petition**.

Petitioner, a native and citizen of Liberia, filed the instant habeas petition and challenged his continued detention by ICE in YCP pending his removal. Petitioner claimed that Liberia was not issuing travel documents at the time. Petitioner claimed that since he was detained by ICE beyond the 6-month presumptively reasonable removal time and since the Liberian Government was not issuing travel documents, his removal to Liberia was not likely to occur in the reasonably foreseeable future.

In September 2010, Petitioner was convicted in the Eastern District of Pennsylvania of perjury for lying on his immigration application for permanent residency, 18 U.S.C. §1621. After serving his sentence, ICE took custody of Petitioner later in September 2010. Petitioner was then ordered removed from the United States and his removal order became final on December 14, 2011.

As stated, Petitioner then filed two petitions for writ of habeas corpus in this District Court. In the above case, Petitioner challenged his continued post-removal order detention by ICE. Petitioner stated that he was challenging his continued detention by ICE alleging that it violated *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001). As mentioned, Petitioner was subject to a final removal order as of December 2011, and he was no longer within the six-month presumptive deportation period as specified by *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001).

As relief in his habeas petition, Petitioner requested that the Court order Respondents to immediately release from ICE's custody. (Doc. 1, p. 11).

As stated, on October 31, 2012, Respondent Sabol filed a Notice indicating that Petitioner's travel documents to Liberia were secured by the Government and this his removal was imminent.

(Doc. 10). On November 9, 2012, Petitioner filed a Motion for Emergency Stay of Deportation with attachments. (Doc. 12). Petitioner acknowledged that his travel documents were issued and that he was notified that he would be removed to Liberia sometime in November 2012, but he claimed that he has torn ligaments in his right knee which require surgery and that he should not be removed until he has surgery at ICE's expense. Petitioner stated that he is not sure if the surgery can be performed in Liberia and that he has no money to pay for it. Petitioner also stated that a stay would allow him to file a motion with ICE to re-open his immigration case and to seek an adjustment of his status based on his December 2008 marriage to a U.S. citizen. The Court denied Petitioner 's request for a stay his deportation. (Doc. 13).

**III. Discussion.**

In their Suggestion of Mootness, Respondents' sole contention is that Petitioner's habeas petition should be dismissed as moot since Petitioner was released from ICE custody and removed from the United States to Liberia on November 14, 2012. (Doc. 14, pp. 1-3). Respondents also indicate that because the *Zadvydas* issues presented in the habeas petition are moot since Petitioner is no longer in ICE custody, the Court should dismiss the habeas petition. (*Id*.).

As stated, Respondents' Exhibit shows that Petitioner was released from ICE's custody and removed from the United States to Liberia on November 14, 2012. (Doc. 14, Ex. A). Since we agree with the Respondents that Petitioner's habeas petition is now moot, we shall not detail any further the factual background with respect to Petitioner's present claims.

In his habeas petition, Petitioner sought only his immediate release from ICE's custody at YCP. We find that Petitioner's habeas petition is now moot, as the Respondents contend. *See Kurochka*

v. *Sabol*, 2009 WL 4937599 (M.D. Pa. 12-14-09)(citing *Novas v. ICE,* 303 Fed. Appx. 115, 118, n. 3 (3d Cir. 2008)("release from ICE custody moots habeas petition solely addressing the detention issue.")). Thus, as Respondents indicate, Petitioner's present challenge to his continued custody by ICE and his continued detention at YCP is moot since Petitioner has now been released from ICE's custody and removed from the United States.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id*. at 7. In the present case, Petitioner sought habeas relief only seeking release from ICE's custody and he claimed that ICE violated his due process rights by subjecting him to indefinite detention following his final removal order in violation of *Zadvydas*. Thus, Petitioner claimed he was being unlawfully detained by ICE at PCCF for over six months after his removal order became final. The question arises as to whether Petitioner's claims are moot since he has now been released from ICE's custody. In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id*. (Citations omitted).

In *Nkemakolam v. Decker*, 2005 WL 2715905, *2 (M.D. Pa.), the Court stated:

> The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a " 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400

> (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477. The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)); *see also Gaeta v. Gerlinski,* Civil No. 3:CV-02-465, slip op. at p. 2 (M.D.Pa. May 17, 2002) (Vanaskie, C.J.).

*See also Fofana v. District Director for ICE*, 2009 WL 3616101 (M.D. Pa.).

Because Petitioner Saye is no longer being detained at YCP by ICE, his habeas petition is moot. The relief Petitioner requested, *i.e.,* for the Court to order his immediate release from YCP, cannot be granted by the Court in light of his recent release from ICE's custody and removal from the United States. We find that Petitioner no longer has a case or controversy before this Court, since he does not presently have any adverse effects regarding his prior detention by ICE due to his release from ICE custody and removal from the United States to Liberia on November 14, 2012.

Accordingly, we find that Petitioner's release from federal custody truly constitutes an end to his detention. Petitioner is no longer threatened with any actual injury traceable to Respondents and likely to be redressed by a favorable decision by this Court. Thus, there is no longer any case or controversy presented by Petitioner's habeas corpus petition. We therefore conclude that Petitioner's habeas petition should be dismissed as moot as Respondents request. *See Cox v. McCarthy*, 829 F.2d 800, 802-03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible); *Phat*

*v. Gonzales*, 2007 WL 2407287 (M.D. Pa.)(habeas petition of alien in custody of ICE challenging his continued detention was moot since Petitioner was released from ICE custody on an order of supervision); *Nkemakolam v. Decker*, 2005 WL 2715905 (M.D. Pa.) (habeas Petition was dismissed as moot since Petitioner was granted a cancellation of removal and released from ICE custody); *Brown v. Attorney General*, Civil No. 09-0681, M.D. Pa.; *Fofana v. District Director for ICE*, 2009 WL 3616101; *Garcia v. Sabol*, 2009 WL 1936954 (M.D. Pa.); *Madiyev v. Holder*, Civil No. 10-0605, M.D. Pa.

We find that, based on the above discussion, Petitioner's habeas petition is moot regarding his attack on his alleged indefinite detention by ICE. Because Petitioner's habeas claims are now moot, we shall recommend that Respondents' request in its Suggestion of Mootness (Doc. 14) be granted and that Petitioner's habeas petition be dismissed.

**IV. Recommendation**.

Based on the foregoing, it is respectfully recommended that Respondents' request in its Suggestion of Mootness **(Doc. 14)** be granted and that Petitioner Saye's Habeas Petition **(Doc. 1)** be dismissed as moot.

     s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: November 19, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS TOLNIAH SAYE, | : | CIVIL ACTION NO. **3:CV-12-1709** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| ERIC HOLBER, *et al.*, | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 19, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed
> before the magistrate judge, making his or her own determination on the

basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.


                                                  **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated:   November 19, 2012**